UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEVIE BRADLEY, | |
| Petitioner, | |
| v. | CAUSE NO. 3:25-CV-1017-TLS-APR |
| WARDEN, | |
| Respondent. | |

**OPINION AND ORDER**

Stevie Bradley, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 to challenge his conviction for attempted murder under Case No. 71D02-2109-F1-20.[1] ECF 2. Following a jury trial, on September 7, 2022, the St. Joseph Superior Court sentenced him to forty years of incarceration. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Bradley asserts four grounds for habeas relief:

**Ground 1:** "The Indiana Supreme court violated Petitioner Bradley's fundamental procedural due process rights under the 5th and 14th Amendments to the United States Constitution when it failed to adhere to the facts in the record that contradicts their decision that was based on an unreasonable determination of the facts in the record to deprive Bradley of his liberty without due process of law and fair procedure."

**Ground 2:** "Res judicata must apply to the decision of the court on petition to transfer because the issue on which they based their decision had already been resolved in the trial court proceeding of March 15, 2022, where the trial judge adjudicated the issues on its merits. In violation of the claim preclusion prong of res judicata."

---

[1] Pursuant to Federal Rule of Evidence 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/. Fed. R. Evid. 201.

>**Ground 3:** "The Indiana Supreme Court's determination is clearly erroneous and contrary to the logic and effect of the facts and circumstances of the case, and ultimately it abused its discretion is ruling that Pet. Bradley waived his right to discharge because he failed to properly notify the trial court of its specific scheduling error, when in fact he did put forth maximum effort to give this notice to the court after he made a proper and timely objection to his trial date being set beyond the 70-day period provided by the rule."
>
>**Ground 4:** "Appointed Appellate Counsel Thomas P. Keller rendered ineffective assistance of counsel committed constructive abandonment when he chose to not pursue an avenue of remedy that was available to this petitioner at all times relevant to this case on petition to transfer."

ECF 2. Significantly, the court can grant habeas relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A corollary of this statutory limitation is that "federal habeas corpus relief does not lie for errors of state law" and that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *see Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); *Miller v. Zatecky*, 820 F.3d 275, 277 (7th Cir. 2016) ("A federal court cannot disagree with a state court's resolution of an issue of state law.").

Bradley cites constitutional amendments in Ground 1, but the essence of Ground 1 is that the Indiana Supreme Court erred in resolving a State law argument relating to his right to a speedy trial under Indiana Rule of Criminal Procedure 4(b). Though presented in different formulations, Grounds 2 and 3 also amount to challenges to the Indiana Supreme Court's ruling

on the same State law argument. Because the court cannot reexamine State court determinations on questions of State law, Grounds 1, 2, and 3 do not present valid bases for habeas relief.[2]

Next, in Ground 4, Bradley asserts that his appellate counsel's failure to file petition for rehearing following the decision of the Indiana Supreme Court on his State law claim violated his constitutional right to effective assistance of counsel. "A criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals, and the right to appointed counsel extends to the first appeal of right, and no further." *Anderson v. Cowan*, 227 F.3d 893, 901 (7th Cir. 2000). Under Indiana law, a litigant who files a petition to transfer to the Indiana Supreme Court pursues a discretionary appeal. *See* Ind. R. App. 57(H) ("The grant of transfer is a matter of judicial discretion."). According to the State court docket, the Indiana Supreme Court became involved with Bradley's direct appeal only upon granting a petition to transfer after the Indiana Court of Appeals had issued a ruling. As a result, Bradley's appellate proceedings before the Indiana Supreme Court were discretionary. Consequently, Bradley did not have a constitutional right to counsel at this time, so Ground 4 is also not a basis for habeas relief.

Bradley also filed a motion to appoint counsel. ECF 5. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), permits the appointment of counsel in a habeas corpus case, if "given the difficulty of the case and the litigant's ability, [he] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have . . . a reasonable chance of winning with a lawyer at his side." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997). As set forth above, the petition fails to state a valid habeas claim, so the court cannot find that Bradley would have a reasonable chance of winning even with appointed counsel.

---

[2] The court does not perceive Bradley as intending to assert a violation of his constitutional right to a speedy trial. However, such a claim would fail given that Bradley received a trial within one year of his arrest and the initiation of his criminal case. *See United States v. Hills*, 618 F.3d 619, 629–30 (7th Cir. 2010) (one-year delay is a threshold requirement for constitutional speedy trial claims).

Because the petition states no valid claims, the court will dismiss it. Pursuant to Section 2254 Habeas Corpus Rule 11, the court must grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that a reasonable jurist could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons explained in this order, there is no basis for encouraging Bradley to proceed further.

For these reasons, the court:

(1) DISMISSES the habeas petition (ECF 2) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because it does not state a valid basis for habeas relief;

(2) DENIES Stevie Bradley a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on December 22, 2025.

                                             s/ Theresa L. Springmann
                                             JUDGE THERESA L. SPRINGMANN
                                             UNITED STATES DISTRICT COURT